**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **JOHN P. NACHEF,** )<br><br>**Plaintiff,** )<br><br>**v.** )<br><br>**CRUM & FORSTER SPECIALTY**<br>**INSURANCE COMPANY,** )<br><br>**Defendant,** )<br><br>**ECLYPSES, INC, et al.,** )<br><br>**Nominal Defendants.** ) | **Civil Action No.**<br>**26-11951-BEM** |

**MEMORANDUM AND ORDER ON**
**PLAINTIFF'S MOTION TO REMAND**

**MURPHY, J.**

On March 12, 2026, Plaintiff brought suit in state court naming Crum & Forster Specialty Insurance Company ("C&F") as "Defendant" and seven other entities and individuals as "Nominal Defendants." *See* Dkt. 1-3 at 1. C&F removed to this Court on April 30, 2026. Plaintiff now moves to remand, arguing that the Court should account for the so-named "Nominal Defendants" when evaluating diversity jurisdiction. *See* Dkt. 13. C&F opposes, arguing the Court may not consider the "Nominal Defendants" when determining diversity jurisdiction. *See* Dkt. 20. For the reasons stated herein, the Court GRANTS in part, Plaintiff's motion to remand. The Case is hereby REMANDED to state court for further proceedings.

"When determining whether diversity jurisdiction exists . . . courts are not bound either by formalistic styling or by the alignment specified in the pleadings. Rather, an inquiring court should look beyond these formalities and attempt to determine, to the extent practicable, the actual

interests of the parties." *Gabriel v. Preble*, 396 F.3d 10, 14 (1st Cir. 2005). Additionally, the Court must "construe removal statutes *strictly* and *against* removal." *Rhode Island v. Shell Oil Prods. Co. LLC*, 35 F.4th 44, 52 (1st Cir. 2022) (emphasis in original) ("[I]f federal jurisdiction is doubtful, a federal court must remand to state court."); *see also Gabriel*, 396 F.3d at 16 ("It is incumbent on the federal courts, as courts of limited jurisdiction, to be scrupulous in applying the tenets that define the limits of their subject matter jurisdiction.").

Here, the parties Plaintiff originally named as "Nominal Defendants" are not actually nominal. "The First Circuit has interpreted 'nominal party' to exclude parties whose interests will be affected by the outcome of the litigation." *Juarez v. U.S. Bank Nat'l Ass'n*, 2014 WL 815343, at *7 (D. Mass. Mar. 1, 2014) (quoting *Bishay v. Am. Arb. Ass'n*, 221 Fed. App'x 3, 4 (1st Cir. 2007)). Here, Plaintiff seeks declaratory relief against all Defendants, including the "Nominal Defendants." *See* Dkt. 1-3 at 20–21. Granting or denying that relief would necessarily affect the rights and obligations of the "Nominal Defendants." *See, e.g.*, *id.* at 22 (requesting that the Court declare "Nominal Defendant Eclypses is an Insured Organization under the Policy" and "Nominal Defendant SCS is an Insured Organization under the Policy"). Thus, their interests in this litigation, and related matters, prevent them from being considered nominal. *See Bishay*, 221 Fed. App'x at 4 (noting that the moving party was "mistaken" in arguing a defendant "was a nominal party with 'no interest in the controversy'" in part because of an interest in an underlying litigation (quoting *Salem Tr. Co. V. Mfrs.' Fin. Co.*, 264 U.S. 182, 190 (1924)). Because the so-named "Nominal Defendants" are not truly nominal, they must be accounted for in the Court's jurisdictional analysis. Both Plaintiff and three "Nominal Defendants" are citizens of Florida, which defeats diversity and demands remand. *See* 28 U.S.C. § 1332(a). Additionally, five of the

"Nominal Defendants" are citizens of Massachusetts, which prevents removal to this Court under the forum defendant rule. *See* 28 U.S.C. 1441(b)(2).

The Court DENIES, however, Plaintiff's request for attorneys' fees, costs, or expenses due to C&F's removal. *See* Dkt. 14 at 21. Given Plaintiff's inartful and inaccurate use of the term "Nominal Defendants" in the complaint, C&F's decision to remove was reasonable. *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005) (noting that courts may award attorney's fees "only where the removing party lacked an objectively reasonable basis for seeking removal.").

**So Ordered.**

/s/ Brian E. Murphy

Brian E. Murphy

Dated: June 5, 2026                Judge, United States District Court